# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**CRISTIAN JOSUE CILIEZAR-VASQUEZ,**<br><br>    **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:21-CR-249-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's Motion to Reduce Sentence under the First Step Act of 2018, 18 U.S.C. § 3582(c) [ECF No. 114]. Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. As the movant, Defendant bears the burden of establishing that he is eligible for the requested sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

Defendant requests that the court release him from custody because he is eligible for and willing to be immediately deported to Honduras and because he has not received adequate medical care for a fractured hand. The United States filed an opposition to Defendant's motion, and the United States Probation Office provided First Step Act Relief Eligibility Report and Recommendation to the court.

The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion directly with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons. *United States v.*

*Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Although not jurisdictional, the exhaustion requirement set forth in § 3582(c)(1)(A) is a mandatory claim-processing rule that district courts must enforce when the government invokes it. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). As such, the exhaustion rule cannot be judicially waived for equitable considerations, such as "a finding that exhaustion would be futile." *United States v. Johnson*, 849 F. App'x 750, 752-53 (10th Cir. 2021).

In this case, Defendant acknowledges the exhaustion requirement but does not allege that he has satisfied it. He does not allege that he attempted to obtain relief from the warden of his facility prior to seeking relief from the court. Defendant has not included any materials he submitted to the warden of his facility and any response to that submission. Because there is no allegation or proof of exhaustion, Defendant's motion cannot proceed in this court. Accordingly, the court dismisses Defendant's motion for failure to demonstrate that he has exhausted administrative remedies.

## CONCLUSION

Based on the foregoing reasoning, Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c) [ECF No. 114] is DENIED and DISMISSED.

Dated this 9th day of December 2025.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge